UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

In Re:  Request from Paraguay Pursuant to the
Inter-American Convention on Mutual Legal
Assistance in Criminal Matters in the Matter of
Jose Maria Gonzalez Araujo
_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPLICATION FOR ORDER TO APPOINT COMMISSIONER**

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by Paraguay in its attached request (the "Request") made pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters, adopted at the twenty-second regular session of the Organization of American States (OAS) General Assembly meeting in Nassau, Bahamas on May 23, 1992 and the Optional Protocol Related to the Inter-American Convention on Mutual Assistance in Criminal Matters, adopted June 11, 1993; both signed on behalf of the United States at OAS headquarters in Washington on January 10, 1995 (the "Convention"); and 18 U.S.C. § 3512.

**The Request**

The Attorney General's Office of the Republic of Paraguay pursuant to Article 7 of the Convention makes this Request in connection with a criminal investigation.  Specifically, the Attorney General's Office of the Republic of Paraguay is investigating Jose Maria Gonzalez Araujo for breach of trust, in violation of Article 192 of the Paraguayan Criminal Code.

According to the Paraguayan authorities, information obtained over the course of the investigation revealed that Dario Veron (Veron), a professional soccer player, entered into a

Contract of Sport and Economic Rights Assignment (contract) with the Club Universidad Nacional A.C. (soccer club) represented by Gonzalez on February 5, 2009. The second clause of the contract establishes that the soccer club would deposit $1,520,533 USD into Gonzalez's bank account in periodic installments through January 2011. Upon receipt of each installment, Gonzalez was supposed to transfer the received amount into Veron's bank account.

Gonzalez and Veron also entered into two other sports mediation contracts. These sports mediation contracts established a similar payment structure, where funds would be initially deposited to Gonzalez, who would then transfer the payment to Veron. Paraguayan authorities found one contract to be in effect between July 6, 2008 and July 5, 2010. The other contract was in effect from July 6, 2010 to October 25, 2012. Gonzalez has allegedly failed to deposit payments for all of these contracts into Veron's account.

Pursuant to the facts in the Request, the Attorney General's Office, Republic of Paraguay has requested assistance in obtaining bank account records held by Jose Maria Gonzalez Araujo from Wachovia National Bank (now Wells Fargo) and Itau Private Bank in Miami, Florida.

Federal courts, pursuant to the Convention, statute and their inherent authority, may issue orders as may be necessary for the production of the evidence requested by Paraguay including orders appointing a person as a commissioner to gather such evidence and establishing the procedures for the production of such evidence.

A.   <u>Authority to Execute the Request</u>

   1.   <u>The Treaty</u>

A treaty (in this case "the Convention") constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>Asakura v. City of Seattle, Washington</u>, 265 U.S. 332, 341 (1924); <u>United States v. The</u>

2

Peggy, 5 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re: Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The power of a United States District Court to provide judicial assistance to Paraguay is conferred by the Convention; by statute (18 U.S.C. § 3512 and 28 U.S.C. § 1782); and by regulation (22 C.F.R. § 92.67).

Specifically, the Convention requires the United States and Paraguay to provide mutual legal assistance in criminal investigations and prosecutions. The kinds of assistance covered by the Convention include, among other things, notification of rulings and judgements, service of judicial documents, and taking testimony. See Convention, Article 7.

The Convention imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state party is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offense under the laws of the Requested State, except as otherwise provided by U.S. law. See Convention, Article 5.

2.  Statutory Authority Grounding Execution of Requests for Assistance

The Convention is designed to be self-executing and requires no implementing legislation. On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, Section 3512 explicitly authorizes a federal court to "issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and

3

restitution."

B.  Execution of Foreign Requests for Assistance Under the Convention and Section 3512

   1.  Authorization of the Application to This Court

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by a letter dated September 7, 2016 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority of the evidence is located.

   2.  Foreign Authority Seeking Assistance Within Section 3512 and the Convention

As to the "foreign authority" making the Request, Section 3512(h) provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

4

In this matter, the Public Prosecutor's Office, Republic of Paraguay for requests made pursuant to the Convention.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

    3.    <u>Authority of the Federal Courts Under Section 3512.</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both; 18 U.S.C. § 3512(a)(1), (2).

The assistance requested by Paraguay pursuant to the Convention by the Public Prosecutor's Office, in the instant Request falls squarely within that contemplated by both the Convention and Section 3512.

C.    <u>Appointment of a Person as Commissioner to Collect Evidence</u>

    1.    <u>Statutory Authorization</u>.

Section 3512(b) provides that a federal judge may "issue an order appointing a person to

5

direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders, requiring the appearance of a person, the production of documents or other things, or both; administer any necessary oath; and takes testimony or statements and receives documents or other things.

Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "Commissioner."

    2.    <u>Procedures for Evidence Collection</u>

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a convention, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the convention. Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782. <u>In re: Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789. <u>See White v. National Football League, et al</u>., 41 F.3d 402, 409 (8th Cir. 1994), <u>cert</u>. <u>denied</u>, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); FED.R.CRIM.P. 57(b).

    a.    <u>Procedures Authorized by Other Statutes</u>.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search

6

warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

    b.    <u>Orders by the Person Appointed; Commissioner Subpoenas</u>

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "Commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both."  Further, Article 18 of the Convention provides for the issuance of procedural documents, such as subpoenas, to gather evidence:

> At the request or the Requesting State, any person present in the Requested State shall be summoned to appear before a competent authority, in accordance with the law of the Requested State, to give testimony or to provide documents, records, or evidence.

If a federal district court so orders, the Commissioner may use the attached form, still entitled "Commissioner's Subpoena," to obtain the requested evidence.  See <u>In re: Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); <u>United States v. Erato</u>, 2 F.3d 11, 13-14 (2d Cir. 1993) (same).   This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the Court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

    c.    <u>Notice of Evidence Taking</u>

As an initial matter, this application is being made <u>ex parte</u>, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782.   <u>In re Letter of Request from the Crown Prosecution Service of the United</u>

7

Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).  The Convention itself contemplates the need for confidentiality with respect to all aspects of the execution of requests.  Article 25 provides that:

> When necessary, the Requested State may ask that the information or evidence provided remain confidential according to conditions specified by the Central Authority.

Both Section 3512 and the Treaty at Article 7 authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of the convention requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.   In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful.  Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

      d.      Right to Financial Privacy Act

The Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., does not apply to execution of foreign legal assistance requests.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re: Letter of Request for Judicial Assistance from

the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re: Letters of Request from the Supreme Court of Hong Kong, 821 F.Supp. 204, 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the Commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder. (Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts. United States v. Daccarett, 6 F.3d 37, 50-52 (2d Cir. 1993).)

## Conclusion

The instant Request is exactly the type of request contemplated for execution under Section 3512. In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. See, e.g. In re: Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989). Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests. These efforts will assist the United States with its investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner." 155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Accordingly, to execute this Request, the United States moves this Court to issue the attached proposed order pursuant to the Convention and 18 U.S.C. § 3512 appointing the undersigned Assistant United States Attorney as Commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Wherefore, the United States requests that the Court enter the proposed order.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  */s/J. Mackenzie Duane*
J. Mackenzie Duane
Assistant United States Attorney
Court No. A5502175
99 NE 4th Street, 6th Floor
Miami, FL 33132
Telephone: (305) 961-9341
Email: Mackenzie.Duane@usdoj.gov